Filed 6/12/26  P. v. Horton CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Lassen)


| | |
|---|---|
| THE PEOPLE,<br>        Plaintiff and Respondent,<br><br>v.<br><br>BILLY MAX HORTON, JR.,<br>        Defendant and Appellant. | C103545<br><br>(Super. Ct. No.<br>2024CR0090531) |


Appointed counsel for defendant Billy Max Horton, Jr., asked this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Finding no arguable error that would result in a disposition more favorable to defendant, we will affirm the judgment.

I

In June 2023, a correctional sergeant at High Desert State Prison opened a piece of mail she deemed suspicious because the return address did not match the postmark. Inside the envelope, the sergeant found a card that had a "raised grain" and exhibited a discolored "pinkish hue."  The sergeant suspected the discoloration was the result of the card being soaked in methamphetamine.  She tested the card and it came back positive for methamphetamine.

The sergeant identified the inmate to whom the envelope was addressed along with the inmate's unique identification number.  With that number, she was able to identify the "tablet" device assigned to the inmate and investigate phone calls he made

1

using that tablet. During her investigation, the sergeant listened to a phone call made on May 15, 2023 between inmate Luis E. and defendant. They discussed whether defendant had access to methamphetamine. Defendant said that he did. Defendant gave Luis the number to his mobile payment platform and asked for an address. The address Luis gave matched the address on the envelope opened by the sergeant.

Luis made a second phone call to defendant later that day. They agreed Luis would pay defendant that day and defendant would put "it" in the mail that day or the next. The mail opened by the sergeant was postmarked May 17, 2023.

A jury found defendant guilty of conspiracy to send or bring a controlled substance into a state correctional facility (Pen. Code, §§ 182, subd. (a)(1), 4573)[1] and sending or bringing a controlled substance into a state correctional facility (§ 4573, subd. (a)). Defendant waived his right to a jury trial on allegations that he had three prior strike convictions (§§ 667, subd. (b)-(i) and 1170.12, subd. (a)-(c)), and after reviewing defendant's certified record of convictions (a section 969b packet), the trial court found the prior strike convictions to be true beyond a reasonable doubt.

At sentencing, defendant made an oral motion to dismiss the prior strike conviction allegations under *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497. He argued the most recent strike offense was 10 years old, his crimes were not escalating, and the current offense was nonviolent. Defendant also argued his drug addiction was a factor for the trial court to consider.

The trial court denied the motion, finding that defendant's criminal history was almost without interruption since his last strike conviction, and even if the drug addiction was a mitigating factor, defendant presented no evidence that he made any effort to treat his addiction. The trial court sentenced defendant to an aggregate six years in state prison

---

[1] Undesignated statutory references are to the Penal Code.

and awarded him 252 days of presentence credit. It imposed a $300 restitution fine (§ 1202.4, subd. (b)), a $300 parole revocation fine (§ 1202.45), a $40 court operations assessment (§ 1465.8), and a $30 conviction assessment (Gov. Code, § 70373).

## II

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal. (*Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief. More than 30 days elapsed and we received no communication from defendant. Then, on April 17, 2026, defendant filed an application for extension of time, seeking an additional 90 days to file his supplemental brief. We granted the application in part, giving defendant an additional 30 days to file his supplemental brief. Those additional 30 days elapsed and we received no further communication from defendant.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is affirmed.

/S/
MAURO, J.

We concur:

/S/
EARL, P. J.

/S/
ROBIE, J.

3